**SMITH, Admr., Plaintiff-Appellee, v. UNTERBURGER et, Defendants-Appellees, CLINE et, Defendants-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 509.  Decided March 29, 1949.

Smith & Smith, George H. Smith, Xenia, of Counsel, for plaintiff-appellee and defendants-appellees.

Miller & Finney, Xenia, Neal W. Hunter, Jamestown, for ·defendants-appellants.

## OPINION

By MILLER, PJ.

This is a law appeal from the Probate Court of Greene ·County, Ohio. The sole question presented is whether the trial court erred in holding that the so-called half and half .section, to wit, §10503-5 GC, does not apply to the alleged ·and admitted facts as set forth in the pleadings and agreed ,statement of facts. These facts show that Charles Cline, husband of Barbara Cline, died July 4, 1946, intestate, without ·issue, leaving no surviving parents, and Barbara Cline, his ·surviving spouse and sole heir at law; that said Barbara Cline, prior to the death of her husband, was an incompetent person and a ward of the Dayton State Hospital, and that ·George H. Smith was her duly appointed, qualified and acting guardian; that it was necessary to sell the real and personal property to pay debts, widow's allowance and costs of administration; that the relict wife's distributive share from the estate amounted to $4345.47 which was paid to her guardian, George H Smith, in the form of several checks drawn upon The Farmers and Traders Bank of Jamestown, Ohio, who immediately deposited said checks in his name as guardian of Barbara Cline in The Spring Valley National Bank of Spring Valley, Ohio. This the guardian was authorized to do by virtue of §10506-46. In addition to the aforesaid amount other checks were deposited in the guardianship account representing the widow's exempt property and her year's allowance. This account was in existence at the time of the relict's death, although withdrawals had been made from time to time for her necessary expenses. Counsel agree that §10503-5 GC is applicable to the facts here presented, provided the property the relict left was the "identical" property she received from her husband's estate. The appellants urge that it is, that the assets came to the guardian as a chose in action and that they were still such at the time of the relict's death. This may well be true, but the question still remains, are the two

choses in action "identical?" We do not think they are. The chose in action the guardian received was in the form of checks drawn upon The Farmers and Traders Bank. The chose in action of which she died seized was one against The Spring Valley National Bank. It cannot be said that they are "identical", for they are against different banking institutions.

In the case of **Spidel, Admr. v. Schaller, 73 Oh Ap 141,** the relict widow transferred certain municipal bonds in exchange for the same corporation's refunding bonds. The Court held that these were not identical within the meaning of §10503-5 GC. Many of the cases cited by counsel are not of much assistance to us as the facts are not on all fours with the case at bar. However, in the case of **Kolthoff, Admx., v. Kolthoff, 79 Oh Ap, 427,** the facts are almost identical with the exception that the proceeds were deposited in a savings account instead of a commercial account. At page 431 Stevens, J., says:

"Was the $3700 savings account of Philip Opper the identical property which he received from the estate of his deceased wife?

The answer is obviously 'no', for deposits, whether savings or commercial, received by a bank from a depositor, in the absence of an agreement to the contrary, become the property of the bank and give rise to a relationship of debtor and creditor between them. **Smith, et al., Trustees, v. Fuller, 86 Oh St, 57;** 99 N. E. 214, L. R. A. 1916C, 6 Ann. Cas. 1913D, 387. Hence Philip Opper was a creditor of the bank, having owing to him an obligation which the bank could and was required to pay in accordance with its regulations, to which Opper subscribed when he placed his money in a savings account.

His claim was not against specific money held by the bank, but against its commingled assets.

There was no identity of what he received and what he left at his death.

The (§10503-5 GC) had no application under the facts of this case, and the Common Pleas Court correctly resolved that question."

We are in accord with the legal principles announced in the Kolthoff case, supra, and therefore are of the opinion that the trial court did not err in holding that the property under consideration was not identical property and therefore does not pass under §10503-5 GC.

The judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.